UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5:21-075-DCR |
| V. | ) ) | |
| LAMONTE H. BROWN, | ) ) | **MEMORANDUM ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Lamonte Brown has submitted a letter to the Clerk of the Court, docketed as a motion seeking appointment of counsel and leave to proceed *in forma pauperis* on appeal. [Record No. 212] Brown reports that, with the assistance of counsel, he filed a timely appeal of his sentence in June 2023.[1] Then, after determining he was no longer able to afford private counsel, he moved the Court for leave to appeal *in forma pauperis* and sought an appointment of counsel. Brown's letter also makes the following claim:

> Since then I have not heard back from the court, being notified that I have been approved and appointed counsel, denied for any reason, or any other supporting documentation was necessary to determine my eligibility for appointment of counsel for the direct appeal. Nor have I received any briefing schedule, Appellate Court case number or any other indication my appeal has been docketed in the Sixth Circuit Court of Appeals.

[Record No. 212] This claim, however, is contradicted by the Record. For accuracy, the undersigned outlines the timeline of events below.

---

[1] A Notice of Appeal was filed by Brown's counsel on June 30, 2023. [Record No. 204] The same day, his appeal was docketed as case number 23-5610 with the United States Court of Appeals for the Sixth Circuit. [Record No. 205].

- 1 -

The Sixth Circuit's docketing notice of Brown's appeal states: "Sixth Circuit Rule 12(c)(1) requires that counsel continue representation on appeal until specifically relieved by this Court." [Record No. 205] It also provides the following instruction:

> You have until **July 14, 2023** to either pay the $505.00 appellate filing fee or file a motion for leave to proceed on appeal in forma pauperis and an accompanying financial affidavit. Either one must be paid/filed with the U.S. District Court. **Failure to do one or the other may result in the dismissal of the appeal without further notice**. If you move for pauper status and the district court denies your motion in part or in full, or if you are otherwise dissatisfied with the district court's ruling, you may renew the motion for pauper status in this court within 30 days of that ruling.

[*Id.*] While still represented, Brown's counsel filed a motion with this Court for leave to proceed on appeal *in forma pauperis* on July 13, 2023. [Record No. 208] That same day, Brown's counsel filed a motion with the Sixth Circuit seeking to withdraw and requesting appointment of a new attorney to represent Brown. *See* Motion to Withdraw, *United States v. Brown*, No. 23-5610 (6th Cir. July 13, 2023), ECF No. 5. The Sixth Circuit granted the motion to withdraw on July 14, 2023, declaring that Brown's counsel was "relieved from further responsibility on appeal." Order, *United States v. Brown*, No. 23-5610 (6th Cir. July 14, 2023), ECF No. 7. The order further provided that, "[u]pon the district court's determination of eligibility of pauper status, the clerk will either appoint new counsel under the Criminal Justice Act, 18 U.S.C. §3006A, to represent defendant on appeal *or provide further instructions directly to defendant* regarding completing the filing process for seeking pauper status in this court." *Id.* (emphasis added).

This Court denied, without prejudice, Brown's motion for leave to appeal *in forma pauperis* on July 17, 2023,[2] because he failed to declare the issues he wished to raise on appeal

---

[2] The Court's Order was filed after the Sixth Circuit permitted Brown's counsel to withdraw.

as mandated by Rule 24(a) of the Federal Rules of Appellate Procedure. [Record No. 210] This Court's Order also provided the following guidance: "Should the defendant elect to refile this motion, he should state the issues he intends to present on appeal and provide a copy of his inmate trust account for the six-month period immediately preceding his notice of appeal." [*Id.*] A copy of this Order was sent to the Sixth Circuit and was entered into the appellate record. *See* Copy of District Court Order, *United States v. Brown*, No. 23-5610 (6th Cir. docketed July 21, 2023), ECF No. 8.

The Sixth Circuit then sent Brown a letter dated July 21, 2023,[3] informing him that this Court had denied his motion and providing guidance on how he may proceed with his appeal. *See* Ruling Letter, *United States v. Brown*, No. 23-5610 (6th Cir. docketed July 21, 2023), ECF No. 9. Contained in that letter, highlighted in yellow, is the following text:

> You are responsible for either paying **to the district court** that amount or filing in this court a renewed motion for pauper status with a financial affidavit and your prisoner trust account statement for the last 6, (six), months. You have until **August 21, 2023** to do one or the other.

*Id.* Included with the letter were a blank motion and financial affidavit.

Brown's claim that he has heard nothing from the Sixth Circuit since filing his original motion with this Court is belied by the fact that he **returned the provided motion and financial affidavit forms back to the Sixth Circuit on August 8, 2023**. *See* Appellant Motion & Financial Affidavit, *United States v. Brown*, No. 23-5610 (6th Cir. docketed August 9, 2023), ECF Nos. 10, 11. As of today, Brown's motion remains pending in the Sixth Circuit.

---

[3] The letter was sent to Brown at the Grayson County Detention Center in Leitchfield, Kentucky.

- 4 -

Therefore, even if the undersigned were to construe Brown's *pro se* filing as a motion, this Court lacks the jurisdiction to entertain it.

Having considered the matter and being sufficiently advised, it is hereby

**ORDERED** that the Clerk of the Court is **DIRECTED** to re-docket Defendant Brown's filing [Record No. 212] as a letter. The Clerk of the Court is further directed to mail copies of this Memorandum Order and Defendant Brown's letter to the United States Court of Appeals for the Sixth Circuit. To the extent he seeks relief from this Court, his request is **DENIED**.

Dated: January 8, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky